RALPH D. REED v. ELVIRA BLAIR ET AL.

(Filed 18 May, 1932.)

**Descent and Distribution B b—Irregularity in divorce proceedings is not ground for declaring children by subsequent marriage illegitimate.**

Where in an action for divorce on the grounds of adultery of the wife the trial has proceeded upon the issue of abandonment, C. S., 1659, and on the verdict of the jury on the latter grounds the marriage has been annulled, the judgment thus rendered is not void, and the wife's children by a later marriage will not be declared illegitimate and thus denied the right to inherit from their father. C. S., 279. In this case an amendment to the divorce proceedings *nunc pro tunc* was allowed by the trial judge.

APPEAL by plaintiff from *Sink, J.,* at February Term, 1932, of BUNCOMBE. Affirmed.

*Marcus Erwin for plaintiff.*
*Fortune & Fortune for defendants.*

PER CURIAM. By consent a trial by jury was waived and the judge found the facts. J. A. Reed and Ida Burrell were lawfully married, the plaintiff being their only child. Mrs. Reed died several years ago; J. A. Reed died on 30 September, 1931.

J. A. Reed and Elvira Blair were married in Asheville on 14 October, 1925. They had five children, two of whom were born before the marriage.

Elvira Blair, whose maiden name was Elvira Ingle, had previously intermarried with C. E. Blair. On 13 May, 1924, C. E. Blair brought suit against his wife for divorce on the ground of adultery and caused her to be personally served with summons. In response to the third issue the jury found that the defendant in that case had abandoned the plaintiff and that they had lived separate and apart for five successive years preceding the commencement of the action. The plaintiff was given an absolute divorce.

Judge Sink permitted an amendment to the complaint in the action for divorce *nunc pro tunc* so as to make the allegations and the issues conform and adjudged that Elvira Reed is the lawful widow of J. A. Reed, deceased, and that their children are entitled to share in the estate of their father, subject to the lawful rights of the widow.

The statute previously in force authorized an absolute divorce if there had been a separation between the husband and the wife and they had lived separate and apart for five successive years and the plaintiff had resided in the State for that period. C. S., 1919, sec. 1659, subsec. 4 and amendment. The issues in *Blair v. Blair* determined these questions—the marriage, the plaintiff's residence in the State for more than five years, the abandonment and the separation for the statutory period. *Ellis v. Ellis,* 190 N. C., 418. If it be conceded, as the plaintiff contends, that the amendment *nunc pro tunc* was improper, the judgment was not void. Irregularity is not sufficient cause for declaring the second marriage a nullity and the children illegitimate. C. S., 279.

The parties agree, if Elvira Reed is the lawful widow of J. A. Reed, that Cheesborough is the administrator of J. A. Reed's estate. Judgment Affirmed.